# EXHIBIT B

1

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search Back Location : All Courts Images

# REGISTER OF ACTIONS

## CASE NO. C-4974-24-D

**Ariel Garza VS. Home Depot U.S.A Inc. d/b/a Home Depot #0506** § § § § §

Case Type: **Injury or Damage - Other (OCA)**
Date Filed: **10/23/2024**
Location: **206th District Court**

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | **Home Depot U.S.A Inc. d/b/a Home Depot #0506** | |
| **Plaintiff** | **Garza, Ariel** | **DANIELA A. FUENTES**<br>*Retained*<br>713-884-1663(W) |

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

10/23/2024 **Original Petition (OCA)**
*CIVIL PROCESS REQUEST FORM ATTACHED*

10/25/2024 **Citation Issued**

10/25/2024 **Citation**

| | | |
|---|---|---|
| Home Depot U.S.A Inc. d/b/a Home Depot #0506 | Served | 10/28/2024 |
| | Returned | 10/29/2024 |

01/28/2025 **Tickler** (5:30 PM) (Judicial Officer Reyna, Rose G.)
*REVIEW FILE*

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Plaintiff** Garza, Ariel | | | |
| | Total Financial Assessment | | | 358.00 |
| | Total Payments and Credits | | | 358.00 |
| | **Balance Due as of 11/21/2024** | | | **0.00** |
| 10/23/2024 | Transaction Assessment | | | 358.00 |
| 10/23/2024 | EFile Payments from TexFile | Receipt # DC-2024-018160 | Garza, Ariel | (221.00) |
| 10/23/2024 | State Credit | | | (137.00) |

2

Electronically Filed
10/23/2024 3:36 PM
Hidalgo County District Clerks
Reviewed By: Juan Galvan

CAUSE NO. C-4974-24-D

| | | |
|---|---|---|
| ARIEL GARZA,<br>Plaintiff, | §<br>§ | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| HOME DEPOT U.S.A, INC.<br>d/b/a HOME DEPOT #0506,<br>Defendant. | §<br>§<br>§ | _______ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

---

COMES NOW, Plaintiff, **Ariel Garza** ("Plaintiff"), through undersigned counsel, and files his Original Petition against Defendant **Home Depot U.S.A, Inc. d/b/a Home Depot #0506** ("Defendant") and would respectfully show this Court and Jury as follows:

## I. DISCOVERY CONTROL PLAN

**1.1** Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Plaintiff alleges that discovery in this case should be conducted under Level 2.

## II. PARTIES

**2.1** Plaintiff **Ariel Garza** is a resident of Edinburg, Hidalgo County, Texas.

**2.2** Defendant **Home Depot U.S.A, Inc. d/b/a Home Depot #0506** ("hereinafter referred to as "Home Depot") is a domestic for-profit corporation authorized to do business in Hidalgo County and the State of Texas. Process should be served on Defendant by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## III. MISNOMER/ALTER EGO

**3.1** In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter

Electronically Filed
10/23/2024 3:36 PM
Hidalgo County District Clerks
Reviewed By: Juan Galvan

egos" of parties named herein. Alternatively, Plaintiff contends such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## IV. VENUE & JURISDICTION

**4.1** This court has jurisdiction in this cause since the damages to Plaintiff exceed the minimum jurisdictional limits of this Court.

**4.2** Venue is proper in Hidalgo County, Texas, because it is the county in which all or a substantial part of the events and/or omissions giving rise to the claim occurred. Tex. Civ. Prac. & Rem. Code §§ 15.002(a)(2) and 15.005.

## V. FACTS

**5.1** On or about February 20, 2024, Plaintiff was an invitee on the premises owned, operated, and/or maintained by Home Depot (hereinafter referred to as "Defendant" and/or "Home Depot") located at 409 N. Jackson Ave., Pharr, Texas 78577. On the day of the incident, Plaintiff was shopping in the store as an invitee when he, suddenly and without warning, slipped and fell to the ground due to sheetrock dust accumulated on the floor. When Plaintiff fell, the impact was so forceful and sudden that he did not have time to brace for impact, causing severe physical injuries.

**5.2** Defendant's employees had actual knowledge of the substance on the ground such as sheetrock dust, which was a defective condition in their store. Further, Defendant's employees had constructive notice of the defective condition and a reasonable inspection would have uncovered that defective condition prior to the incident. Plaintiff's fall was due to Defendant's negligence and failure to maintain their store in a safe condition during normal hours of operation.

Electronically Filed
10/23/2024 3:36 PM
Hidalgo County District Clerks
Reviewed By: Juan Galvan

**5.3** This was a condition which posed an unreasonable risk of harm. Defendant's employees, store managers, and management were negligent in not posting signs warning patrons of this clear and unreasonable risk of harm. There was no information given about the sheetrock dust on Defendant's premises, and there were no signs to warn of the dangerous condition. Nothing Plaintiff did or failed to do in any way contributed to his injuries.

**5.4** Plaintiff specifically invokes his right to institute against whatever entity was conducting business under the assumed or common names of "Home Depot" with regard to the events described in this Petition. Plaintiff expressly invokes his right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or of the Court.

## VI. NEGLIGENCE OF DEFENDANT

**6.1** Defendant owed a legal duty to Plaintiff. Specifically, Defendant owed a duty to exercise reasonable care in maintaining its store in a safe condition during normal hours of operation.

**6.2** Defendant breached the duty owed to Plaintiff by failing to properly maintain its store in a safe condition. Defendant was negligent on the occasion in question and proximately caused Plaintiff's injuries by:

**a.** Failing to monitor the condition of the floor in the store;

**b.** Failing to properly train their employees;

**c.** Failing to promptly clean up substances on the floor;

**d.** Failing to mark off specific areas as hazardous or dangerous;

**e.** Failing to provide proper supervision;

**f.** Failing to provide adequate safety procedures;

Electronically Filed
10/23/2024 3:36 PM
Hidalgo County District Clerks
Reviewed By: Juan Galvan

**g.** Failing to provide policies to remedy any sort of substance on the floor, such as sheetrock dust, which was a dangerous condition and/or hazard that it knew of, or in the exercise of ordinary care, should have known was present in their store;

**h.** Failing to warn others that a dangerous condition existed;

**i.** Choosing not to properly rope off the area where the sheetrock dust was on the ground;

**j.** Creating a hazard to others; and

**k.** In more particularity to be shown at trial.

**6.3** Plaintiff did not receive any warnings of the hazardous condition on the floor prior to the incident and was without fault. Defendant and its agents, servants, and/or employees were responsible for the safety, condition, securing, and inspection of the floor.

**6.4** At the time in question, Defendant controlled the exact premises in question where the incident took place. Defendant owed and assumed a duty to provide a safe premises. The condition of the floor, and the failure to properly clean, secure, maintain, and inspect the floor posed an unreasonable risk of harm of which the Defendant had actual knowledge. Defendant breached their duty of ordinary care by failing to adequately warn Plaintiff and by failing to make the premises safe from substances, which were an unreasonably dangerous condition. Defendant's failure to exercise reasonable care proximately caused the incident in question and resulting damages.

**6.5** Each and every act and/or omission of the above, collectively and/or singularly, were a proximate cause of the incident in question and Plaintiff's resulting injuries.

Electronically Filed
10/23/2024 3:36 PM
Hidalgo County District Clerks
Reviewed By: Juan Galvan

## VII. PREMISES LIABILITY

**7.1** It has become necessary to bring this lawsuit by reason of injuries and damages Plaintiff suffered on February 20, 2024 while on the premises owned, operated, and/or maintained by Defendant Home Depot (hereinafter referred to as "Defendant" and/or "Home Depot") located at 409 N. Jackson Ave., Pharr, Texas 78577. On the day of the incident, Plaintiff was shopping in the store as an invitee when he suddenly and without warning slipped and fell to the ground due to sheetrock dust accumulated on the floor. When Plaintiff fell, the impact was so forceful and sudden that he did not have time to brace for impact, causing severe physical injuries. Defendant requested, allowed, permitted, and encouraged Plaintiff to enter the premises. Consequently, Plaintiff was an invitee whom Defendant owed a duty to use ordinary care, including the duty to inspect, protect, and guard Plaintiff from the dust on the floor, which was an unreasonably dangerous condition existing on its premises, or to warn him of its existence. Plaintiff was exercising ordinary care when he suddenly and unexpectedly fell. Plaintiff was seriously injured due to accumulated sheetrock dust on the floor, which was a dangerous condition and/or hazard existing on the premises which Defendant, its agents, servants, and employees knew or should have known existed and caused by Defendant. As a result of the aforesaid dangerous condition, Plaintiff sustained severe and permanent injuries. Plaintiff would show nothing he did nor failed to do caused, or in any way contributed to cause, the occurrence in question. Further, Plaintiff would respectfully show unto this Honorable Court and Jury that Defendant failed to perform the above-stated duties and, therefore, were negligent as that term is understood under the laws of the State of Texas in one or more of the following respects:

Electronically Filed
10/23/2024 3:36 PM
Hidalgo County District Clerks
Reviewed By: Juan Galvan

**(1)** In failing to continually have the premises inspected for dangerous conditions and/or hazards located on the premises;

**(2)** In failing to remedy the dangerous condition and/or hazard that Defendant knew of, or in the exercise of ordinary care, should have known was present on their premises;

**(3)** In failing to warn persons similarly situated to Plaintiff, including Plaintiff, of the dust on the floor, which was a dangerous condition and/or hazard located on said premises; and;

**(4)** In more particularity to be shown at trial.

Each and all of the above and foregoing acts on the part of Defendant, both of omission and commission, were negligent and constituted negligence, and were each and all a proximate cause of the occurrence in question and the injuries and damages Plaintiff suffered.

**7.2** In the alternative, without waiving the foregoing, Plaintiff would show he was a licensee on the premises in question occupied and/or controlled by Defendant. Defendant knew of the dust on the floor, which was an unreasonably dangerous condition and posed an unreasonable risk of harm to the general public, including Plaintiff, but failed to make safe or adequately warn him of the condition. Plaintiff did not have knowledge of the dust on the ground, which was a dangerous condition of the premises prior to the incident in question.

## VIII. DAMAGES

**8.1** Plaintiff has suffered damages in the form of physical pain and injury, mental and emotional anguish, pain and suffering in the past, pain and suffering in the future, past and future earning capacity and economic loss, past and future physical impairment, disfigurement, and past and future lost wages. Plaintiff sustained reasonable and necessary past and future medical bills

Electronically Filed
10/23/2024 3:36 PM
Hidalgo County District Clerks
Reviewed By: Juan Galvan

and expenses, and he will, in all reasonable probability, continue to sustain such legal elements of damages in the future beyond the date of the trial of this cause.

**8.2** Therefore, Plaintiff maintains this suit against Defendant for each of his foregoing legal elements of damages in a just and reasonable sum within the jurisdictional limits of this Honorable Court, to be determined under the sound discretion of the trier of fact or jury.

## IX. TOTAL DAMAGES

**9.1** As a result of the incident made the basis of this lawsuit, Plaintiff seeks monetary relief over $1,000,000.00, and a demand for judgment for all other relief to which Plaintiff is entitled; however, Plaintiff reserves the right to file an amended pleading on this issue.

## X. RESERVE THE RIGHT TO AMEND AND SUPPLEMENT

**10.1** Plaintiff makes these allegations against Defendant acknowledging that investigation and discovery, although undertaken, are continuing in this matter. As further investigation and discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional, and/or different allegations, including potentially adding parties to and/or dismissing parties from the case. The right to do so is, under Texas law, expressly reserved.

## XI. PRE-JUDGMENT AND POST-JUDGMENT INTEREST

**11.1** In addition to the above mentioned and foregoing allegations, Plaintiff further pleads he is entitled to pre-judgment and post-judgment interest at the highest rate allowed by law.

## XII. COURT COSTS

**12.1** Plaintiff further seeks recovery of the costs of court incurred in the filing and pendency of this action.

Electronically Filed
10/23/2024 3:36 PM
Hidalgo County District Clerks
Reviewed By: Juan Galvan

## XIII. PRESERVING EVIDENCE

**13.1** Plaintiff hereby requests and demands that Defendant preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or damages resulting therefrom, including statements, photographs, videotapes, audiotapes, surveillance or security tapes or information, business or medical records, incident reports, tenant files, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voicemail, text messages, any evidence involving the incident in question, and any electronic images or information related to the referenced incident or damages. Failure to maintain such items will constitute "spoliation" of evidence.

## XIV. RULE 193.7 NOTICE

**14.1** Defendant is hereby notified that Plaintiff intends to use all documents produced by Defendant in discovery of the trial of this cause, and therefore Plaintiff requests that Defendant assert any objection to the authenticity of any document Defendant produce within 10 days of its production.

## XV. ALTERNATIVE PARAGRAPH NO. 1

**15.1** In the alternative, Plaintiff would show that if any injury and/or condition from which he currently suffers was pre-existing, then such condition was aggravated and/or exacerbated by the negligence of the Defendant herein.

## XVI. ALTERNATIVE PARAGRAPH NO. 2

**16.1** In the alternative, Plaintiff would show that if he suffers from any subsequent injury and/or condition, then such injury and/or condition was aggravated and/or exacerbated by the negligence of the Defendant herein.

Electronically Filed
10/23/2024 3:36 PM
Hidalgo County District Clerks
Reviewed By: Juan Galvan



## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests Defendant be cited to appear and answer herein, that upon final trial and other hearing of this cause, Plaintiff recover damages from Defendant, in accordance with the evidence, and as the jury deem them deserving, that Plaintiff recover costs of court herein expended, that Plaintiff recover interest to which she is justly entitled under the law, both pre-judgment and post-judgment interest from the date of the entry until paid, and for such other further relief, both general and special, both in law and in equity, to which Plaintiff may be justly entitled.

Dated: October 23, 2024

Respectfully submitted,

By: *<u>/s/Daniela A. Fuentes</u>*
Richard A. Hinojosa
State Bar No. 24068885
Daniela A. Fuentes
State Bar No. 24125606
3904 Brandt Street
Houston TX 77006
(713) 884-1663 Telephone
(713) 422-2493 Facsimile
richardhinojosa@hinojosalaw.com
dfuentes@hinojosalaw.com
e-service@hinojosalaw.com
**ATTORNEYS FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Daniela Fuentes on behalf of Daniela Fuentes
Bar No. 24125606
dfuentes@hinojosalaw.com
Envelope ID: 93491882
Filing Code Description: Petition
Filing Description: CIVIL PROCESS REQUEST FORM ATTACHED
Status as of 10/23/2024 3:49 PM CST

Associated Case Party: Ariel Garza

| **Name** | **BarNumber** | **Email** | **TimestampSubmitted** | **Status** |
|---|---|---|---|---|
| Daniela Fuentes | | dfuentes@hinojosalaw.com | 10/23/2024 3:36:31 PM | SENT |
| Richard Hinojosa | | richardhinojosa@hinojosalaw.com | 10/23/2024 3:36:31 PM | SENT |
| Hinojosa Law | | e-service@hinojosalaw.com | 10/23/2024 3:36:31 PM | SENT |
| Stephanie Gonzalez | | sgonzalez@hinojosalaw.com | 10/23/2024 3:36:31 PM | SENT |

# CIVIL PROCESS REQUEST FORM

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

**CASE NUMBER:** C-4974-24-D **CURRENT COURT:** ____________

**TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types):** Plaintiff's Original Petition

**FILE DATE OF MOTION:** 10/23/2024
Month/ Day/ Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**1.** NAME: Home Depot U.S.A, Inc. d/b/a Home Depot #0506
ADDRESS: 211 E. 7th Street, Suite 620, Austin, Texas 78701.
AGENT, (*if applicable*): CSC-Lawyers Incorporating Service Company

**TYPE OF SERVICE/PROCESS TO BE ISSUED (*see reverse for specific type*):**

**SERVICE BY *(check one)*:**
☐ **ATTORNEY PICK-UP** ☐ **CONSTABLE**
☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: Phone:
☐ **MAIL** ☐ **CERTIFIED MAIL**
☐ **PUBLICATION:**
Type of Publication: ☐ **COURTHOUSE DOOR, or**
☐ **NEWSPAPER OF YOUR CHOICE:**
☒ **OTHER**, *explain* **Please email citation to dfuentes@hinojosalaw.com**

*****************************************************************************************************

**2.** NAME:
ADDRESS:
AGENT, (*if applicable*):

**TYPE OF SERVICE/PROCESS TO BE ISSUED (*see reverse for specific type*):**

**SERVICE BY *(check one)*:**
☐ **ATTORNEY PICK-UP** ☐ **CONSTABLE**
☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: Phone:
☐ **MAIL** ☐ **CERTIFIED MAIL**
☐ **PUBLICATION:**
Type of Publication: ☐ **COURTHOUSE DOOR, or**
☐ **NEWSPAPER OF YOUR CHOICE:**
☒ **OTHER**, *explain* **Please email citation to dfuentes@hinojosalaw.com**

---

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: Daniela A. Fuentes TEXAS BAR NO./ID NO. 24125606
MAILING ADDRESS: 3904 Brandt Street, Houston, TX 77006
PHONE NUMBER: (713) 884-1663 FAX NUMBER: (713) 422-2493
area code phone number area code fax number
EMAIL ADDRESS: dfuentes@hinojosalaw.com

3

Electronically Filed
10/25/2024 10:14 AM
Hidalgo County District Clerks
Reviewed By: Casandra Reyes

# LAURA HINOJOSA
## HIDALGO COUNTY DISTRICT CLERK

Greetings:

Attached you will find the service requested.

May this serve to inform you that service has been issued. Please proceed in attaching any file stamped documents and attachments that need to be served on your issued service.

Please note, the link you are about to open is a "live link" notification. Please ensure you are printing the service, which includes our clerk's signature and the State Seal. If you are opening a document without the official certification (signature and seal), please close the window until the document is processed accordingly. This may take a few minutes.

*When serving protective orders, please DO NOT serve the TCIC form to the respondent.

We appreciate the opportunity to assist you. Please contact our office if you have any questions or require additional information.

Sincerely,

*Laura Hinojosa*

Hidalgo County District Clerk

Post Office Box 87 Edinburg, Texas 78540 Telephone 956-318-2200 Facsimile 956-318-2251 districtclerk@co.hidalgo.tx.us

Nilda Palacios CHIEF DEPUTY | Ricardo Contreras CHIEF OF ADMINISTRATION & PUBLIC INFORMATION | Adriana "Audry" Garcia ASSISTANT CHIEF DEPUTY | Sabrina S. Guerra SENIOR ACCOUNTANT | Stephanie Palacios BUDGET AND PROCUREMENT OFFICER | Priscilla Rivas DIVISION MANAGER

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 93571096
Filing Code Description: Service Issued
Filing Description:
Status as of 10/25/2024 10:41 AM CST

Associated Case Party: Ariel Garza

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Daniela Fuentes | | dfuentes@hinojosalaw.com | 10/25/2024 10:14:45 AM | SENT |

4

**C-4974-24-D**
**206TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

**CITATION**
**THE STATE OF TEXAS**

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**Home Depot U.S.A, Inc. d/b/a Home Depot #0506**
**Registered Agent: CSC – Lawyers Incorporating Service Company**
**211 E 7th Street Suite 620**
**Austin TX 78701**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Rose G. Reyna, 206th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 23rd day of October, 2024 and a copy of same accompanies this citation. The file number and style of said suit being C-4974-24-D, **ARIEL GARZA VS. HOME DEPOT U.S.A INC. D/B/A HOME DEPOT #0506**

Said Petition was filed in said court by Attorney DANIELA A. FUENTES, 3904 BRANDT ST HOUSTON TX 77006.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 25th day of October, 2024.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

Casandra Reyes

**CASANDRA REYES, DEPUTY CLERK**

DISTRICT COURT, HIDALGO COUNTY
TEXAS

**C-4974-24-D**
**OFFICER'S RETURN**

Came to hand on _____ of _______________, 202____ at _____ o'clock ____.m. and executed in _____________ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the ______________________________ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|---|---|---|---|
| | | | |

And not executed as to the defendant, ______________________________________ the diligence used in finding said defendant, being: _______________________ and the cause of failure to execute this process is: _______________________ and the information received as to the whereabouts of said defendant, being: _______________________. I actually and necessarily traveled _______ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees: serving ... copy(s) $__________
miles ...................$__________

________________________________
**DEPUTY**

**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT**

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is __________________________________, my date of birth is _______________ and the address is ___________________________________,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in ________County, State of Texas, on the _____ day of ____________, 202___.

_____________________________________
**Declarant"**

_____________________________________
**If Certified by the Supreme Court of Texas**
**Date of Expiration / PSC Number**